UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN FOWLER, | No. 2:11-CV-0911 JAM AC P |
| Petitioner, | |
| v. | ORDER |
| W. KNIPP, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis on a petition for writ of habeas corpus. Presently pending before the court is petitioner's "motion to include newly discovered exhibits" to supplement his traverse. ECF No. 19. The matter had been submitted for decision several months earlier when the traverse (or reply) was filed. See ECF No. 18. Respondent has not opposed the motion and the time for doing so has expired.

The court construes petitioner's filing as a motion to expand the record. See Rule 7 of the Rules Governing § 2254 Cases. Petitioner set forth the following as grounds for his challenge to his conviction and sentence: (1) jury misconduct; (2) due process (Brady violation); (3) prosecutorial misconduct; (4) abuse of discretion; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel; (7) prejudicial error in admitting pretrial statements; (8) violation of Sixth and Fourteenth Amendments by admission of pretrial statements; (9) insufficient evidence to support conviction on count 1. ECF No.1 at 4-6. By his motion,

1

1 petitioner asks the court to expand the record to include: (1) his recently obtained copy of
2 California Department of Corrections and Rehabilitation parole revocation documents and (2)
3 follow-up investigative report submitted by a Detective Cohen to the district attorney.

4 Under Rule 7 of the Rules Governing § 2254 Cases, the court may expand the
5 record to include additional materials relevant to the merits of the petition. See Rule 7 of the Fed.
6 Rules Governing § 2254 Cases. Petitioner asserts that the parole violation demonstrates that he
7 was in San Quentin State Prison for a parole violation on "an unconfirmed criminal allegation of
8 'Battery Child (455)'" and not for a violation of Cal. Pen. Code § 288(a) (lewd and lascivious acts
9 upon a child under 14) as alleged by Detective Cohen. ECF No. 19. Petitioner contends the
10 documents relate directly to the arguments in his traverse contained under the headings of
11 "Prosecution Misconduct" and "Ineffective Assistance of Counsel." It is not readily apparent by
12 reference to the traverse how these unauthenticated records are relevant to the merits of
13 petitioner's claims. The court will nonetheless grant the unopposed motion to expand the record
14 with these exhibits, subject to their authentication and deferring any decision as to their relevance
15 or weight.

16 Petitioner is cautioned that evidence which is presented for the first time in federal habeas
17 proceedings cannot be considered in determining pursuant to 28 U.S.C. § 2254(d) whether the
18 state court's prior adjudication of his claims was objectively reasonable. See Cullen v. Pinholster,
19 131 S. Ct. 1388, 1398 (2011) (holding that the federal court's "review under § 2254(d)(1) is
20 limited to the record that was before the state court that adjudicated the claim on the merits).
21 Newly presented evidence will not be considered in relation to the merits of the claims unless and
22 until the court determines that § 2254(d)'s limitations on relief do not apply and that de novo
23 review of the claims is therefore appropriate. See id. at 1412 (Breyer, J., concurring);
24 ////
25 ////
26 ////
27 ////
28 ////

1  Accordingly, IT IS ORDERED that petitioner's motion to include newly discovered
2  exhibits to supplement his traverse (ECF No. 19), construed as a motion to expand the record and
3  is granted subject to the qualifications stated above.
4  DATED: August 16, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
fowl0911.ord

3