1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN FOWLER,                              No.  2:11-cv-0911 JAM AC P

12                    Petitioner,

13        v.                                    ORDER

14   W. KNIPP,

15                    Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis and has filed a

18   motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  ECF No. 35.

19   Petitioner asserts that he is entitled to relief from judgment based on (1) his own "mistake,

20   inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1); (2) "newly discovered

21   evidence that, with reasonable diligence, could not have been discovered in time to move for a

22   new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2); or (3) "any other reason that justifies

23   relief," Fed. R. Civ. P. 60(b)(6).

24        In Gonzalez v. Crosby, the United States Supreme Court stated that "[u]sing Rule 60(b) to

25   present new claims for relief from a state court's judgment of conviction—even claims couched

26   in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new

27   claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered

28   facts."  545 U.S. 524, 531 (2005) (citing § 2244(b)(2)).  In other words, "a state prisoner may not

1

1    rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be

2    barred as second or successive under § 2254." United States v. Buenrostro, 638 F.3d 720, 722

3    (9th Cir. 2011) (citing Gonzalez, 545 U.S. at 531).  Under 28 U.S.C. § 2244(b)(3)(A), a second or

4    successive application for habeas relief may not be filed in district court without prior

5    authorization by the court of appeals.  Felker v. Turpin, 518 U.S. 651, 657 (1996).  Prior

6    authorization is a jurisdictional requisite.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007);

7    Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a

8    petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).

9         "Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a

10   second or successive habeas corpus application' was also 'presented in a prior application.'"

11   Gonzalez, 545 U.S. at 530.  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief

12   from a state court's judgment of conviction."  Id.  "A [Rule 60(b)] motion can also be said to

13   bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since

14   alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable

15   from alleging that the movant is, under the substantive provisions of the statutes, entitled to

16   habeas relief."  Id. at 532 (emphasis in original) (footnote omitted).  The term "on the merits"

17   refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas

18   corpus relief under 28 U.S.C. §§ 2254(a) and (d).  When a movant asserts one of those grounds

19   (or asserts that a previous ruling regarding one of those grounds was in error) he is making a

20   habeas corpus claim."  Id. n.4.  "[W]hen a Rule 60(b) motion attacks, not the substance of the

21   federal court's resolution of a claim on the merits, but some defect in the integrity of the federal

22   habeas proceedings," petitioner does not present a "claim" that would require the motion be

23   treated as a habeas petition. Id. at 532-33.  However, "an attack based on the movant's own

24   conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the

25   proceedings, but in effect asks for a second chance to have the merits determined favorably."  Id.

26   at 532 n.5.

27        By order filed September 2, 2016, this court adopted in full the findings and

28   recommendations filed April 2, 2014 (ECF No. 24), and dismissed petitioner's application for a

1    writ of habeas corpus on the merits.  ECF No. 28.  Approximately three months after petitioner

2    was denied a certificate of appealability by the Ninth Circuit (ECF No. 34), he filed the instant

3    motion (ECF No. 35).  Petitioner seeks relief from judgment on the grounds that he committed

4    excusable neglect and that he has new evidence that could not have been discovered earlier.  ECF

5    No. 35 at 7-17.  He also asks that the court "consider 'any other reason that justifies relief.'"  Id.

6    at 17.  Petitioner appears to argue that his placement in Administrative Segregation and reliance

7    on "jailhouse lawyers" constitutes the type of "extraordinary circumstances" that justify relief

8    under Rule 60(b)(6).  Id. at 2-5

9           Petitioner's first argument is that the Magistrate Judge's analysis was flawed and that he

10   committed "excusable neglect" by not adequately presenting his arguments in his objections to

11   the findings and recommendations.  Id. at 7-17.  Both these grounds fall squarely within the

12   examples given by the Supreme Court of Rule 60(b) motions that "would impermissibly

13   circumvent the requirement that a successive habeas petition be precertified by the court of

14   appeals as falling within an exception to the successive-petition bar."  Gonzalez, 545 U.S. at 531-

15   32 (citing 28 U.S.C. § 2244(b)(3)).  These arguments therefore constitute an unauthorized second

16   or successive petition and this court lacks jurisdiction to consider them.

17          Petitioner also argues that he has new evidence in the form of a revised declaration.  Id. at

18   12-14.  Even assuming that the evidence petitioner presents is in fact new, his presentation of

19   "new evidence in support of a claim already litigated" is also covered by the examples given by

20   the Supreme Court of Rule 60(b) motions that are barred as second or successive petitions.

21   Gonzalez, 545 U.S. at 531-32 (citing 28 U.S.C. § 2244(b)(3)).  Accordingly, this court lacks

22   jurisdiction to consider the argument.  The court notes that this particular claim would also fail to

23   satisfy Rule 60(b)(2), as petitioner does not claim that the information contained in the

24   declaration was not previously available, but instead argues that he did not know that the

25   previously omitted information needed to be included in the declaration.  ECF No. 35 at 12-14.

26          Finally, petitioner appears to argue that the circumstances of his incarceration constitute

27   extraordinary circumstances justifying relief under Rule 60(b)(6).  Id. at 2-5.  "[A] movant

28   seeking relief under Rule 60(b)(6) [is required] to show 'extraordinary circumstances' justifying

3

1    the reopening of a final judgment." Gonzalez, 545 U.S. at 535 (quoting Ackermann v. United

2    States, 340 U.S. 193, 199 (1950)). Petitioner's lack of legal sophistication, which he asserts

3    required him to rely on "jailhouse lawyers," and placement in Administrative Segregation, which

4    he claims made it difficult to obtain assistance because of his sex offender status, are

5    circumstances faced by many prisoners and are not extraordinary, especially in light of

6    petitioner's demonstrated ability to file objections without assistance. See Rasberry v. Garcia,

7    448 F.3d 1150, 1154 (9th Cir. 2006) (holding "that a pro se petitioner's lack of legal

8    sophistication is not, by itself, an extraordinary circumstance" with respect to equitable tolling

9    analysis); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) ("reliance on helpers who were

10   transferred or too busy to attend to [petitioner's] petitioner" did not establish extraordinary

11   circumstance for equitable tolling) (citing Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009));

12   Zamudio v. Cate, No. 12-CV-703-BEN (MDD), 2014 WL 2624789, at *8 (S.D. Cal. June 12,

13   2014) ("Petitioner's status as a sex offender does not constitute extraordinary circumstances.");

14   McCoy v. Sisto, No. CIV S-08-1104 EFB P, 2010 WL 455464, at *3 (E.D. Cal. Feb. 3, 2010)

15   ("Petitioner's difficulty in obtaining assistance from other inmates in preparing his petitions due

16   to his sex offender status does not constitute an extraordinary circumstance beyond his control.").

17   Because petitioner has failed to demonstrate extraordinary circumstances, his motion for relief

18   pursuant to Rule 60(b)(6) will be denied.

19          Accordingly, IT IS HEREBY ORDERED that:

20          1. The portion of petitioner's motion for relief from judgment that seeks relief pursuant to

21   Federal Rule of Civil Procedure 60(b)(1) and (2) constitutes an unauthorized second or successive

22   petition and is dismissed without prejudice to refiling once petitioner receives authorization to

23   proceed from the Ninth Circuit.

24          2. The portion of petitioner's motion for relief from judgment that seeks relief pursuant to

25   Federal Rule of Civil Procedure 60(b)(6) is denied.

26

27

28

4

1    DATED:  August 31, 2016

2                                                    John A. Mendez

3                                                    UNITED STATES DISTRICT COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28